J-S45026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY GULLY | : | |
| | : | |
| Appellant | : | No. 2232 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0119352-1986

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 16, 2019**

Gary Gully (Appellant) appeals *pro se* from the order denying his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

For more than 30 years, Appellant has been serving a life sentence, imposed on January 6, 1988, after a jury convicted him of second degree murder, criminal conspiracy, kidnapping, and robbery; this Court affirmed the judgment of sentence on direct appeal.  ***Commonwealth v. Gully***, 549 A.2d 1339 (Pa. Super. Aug. 15, 1988) (unpublished memorandum).  Appellant petitioned for allowance of appeal, which the Pennsylvania Supreme Court denied on January 24, 1989.  ***Commonwealth v. Gully***, 557 A.3d 342 (Pa.

_____

[*] Retired Senior Judge assigned to the Superior Court.

1989).  Appellant did not seek a writ of certiorari with the United States Supreme Court.

On January 17, 1996, Appellant filed his first PCRA petition.  The PCRA court dismissed the petition on October 26, 1996.  Appellant sought relief with this Court and the Supreme Court.  He was unsuccessful.  ***See Commonwealth v. Gully***, 716 A.2d 1248 (Pa. 1998) (denying Appellant's petition for allowance of appeal).

**On August 21, 2012**, Appellant filed the underlying *pro se* PCRA petition, his second.  After providing notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 **on May 30, 2018**, the PCRA court dismissed the petition **on July 13, 2018**.[1]  Appellant filed this appeal on July 27, 2018.

We begin with the untimeliness of Appellant's petition.  "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

---

[1] We bolded these dates to reflect the nearly six (6) year lapse between Appellant's filing of the PCRA petition in 2012 and the PCRA court's disposition in 2018.  There is no explanation for the delay in the record.

- 2 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] If a petition is untimely, and the petitioner has not pled and proven an exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

As noted above, the trial court sentenced Appellant in 1988, this Court affirmed the judgment of sentence, and the Supreme Court denied Appellant's

_____

[2] Or in Appellant's case, 60 days. Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception be filed within one year of the date the claim could have been presented; the prior law required that the petition be filed within 60 days. The amendment does not apply to Appellant, who filed his petition on August 21, 2012.

petition for allowance of appeal. *See Commonwealth v. Gully*, 549 A.2d 1339 (Pa. Super. Aug. 15, 1988) (unpublished memorandum); *Commonwealth v. Gully*, 557 A.3d 342 (Pa. 1989). Appellant did not seek a writ of certiorari with the United States Supreme Court. Appellant's judgment of sentence is obviously untimely. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant does not contest the untimeliness of his PCRA petition, which he filed on August 21, 2012, approximately two months after the United States Supreme Court, on June 25, 2012, decided *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments). Rather, Appellant claims he is entitled to relief under the newly discovered facts and constitutional right exceptions to the PCRA's time bar, 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii). *See* PCRA Petition, 8/21/12, 3-9; Appellant's Brief at 3, 7-24. Appellant cites *Miller*, which was made retroactive by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (announcing new substantive constitutional rule that the holding in *Miller* was retroactive on state collateral review).

Pertinently, Appellant concedes he was born on February 11, 1964, and was 21 years old when he committed the crimes of which he was convicted. He nonetheless asserts that he is eligible for relief because he possessed "an under-developed brain at the time of the crime, which is supported by science and social science in *Miller*." *See* PCRA Petition, 8/12/12, at 3. This Court has repeatedly found this argument to lack merit.

Recently, this Court considered a similar claim in *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*). In *Lee*, the defendant, Ms. Lee, was 18 years and nine-months old when she was involved in a robbery that resulted in the death of the victim. *Id.* at 3. Following the United States Supreme Court's decisions in *Miller* and *Montgomery*, Ms. Lee filed a PCRA petition arguing that she was a "virtual minor" at the time of the crime and "the rationale underlying the *Miller* holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the *Miller* Court, provides support for extending the benefit of *Miller* to her case." *Id.* This Court concluded that Ms. Lee did not qualify for an exception to the PCRA's time bar. We opined:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, [737 A.2d 214, 222 (Pa. Super.] 1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." *Id.*
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might

expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in **Commonwealth v. Montgomery** [181 A.3d 359 (Pa. Super. 2018)], [**Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016)], and [**Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in* **Furgess**, *supra*, at 94], that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

**Lee**, 206 A.3d at 11 (footnote omitted).

Based on the foregoing, Appellant, like Ms. Lee, has failed to successfully plead or prove that he qualifies for an exception to the PCRA's time bar. We therefore affirm the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/19

- 6 -